**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30024 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-059-JLQ-1 |
| v. | |
| FABIAN VAKSMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior Judge, Presiding

Argued and Submitted March 5, 2012
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and KOH,[**] District Judge.

Defendant Fabian Vaksman appeals a jury verdict in which he was found

guilty of violating 18 U.S.C. § 875(c), a statute prohibiting interstate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lucy H. Koh, United States District Judge for the Northern District of California, sitting by designation.

communications of a threat to injure. We have jurisdiction under 18 U.S.C. §

3742(a)(1), and we affirm.

Vaksman challenges the constitutionality of his conviction, claiming that the

e-mail for which he was convicted is not a "true threat," and therefore is speech

protected by the First Amendment. *Virginia v. Black*, 538 U.S. 343, 359 (2003).

We conclude that sufficient evidence supports the jury's verdict under both the

objective and subjective test of a true threat. *See United States v. Bagdasarian*,

652 F.3d 1113, 1116-17 (9th Cir. 2011).

First, sufficient evidence supports the jury's finding that the March 20 e-

mail was objectively a true threat because "a reasonable person would foresee that

the statement would be interpreted . . . as a serious expression of intent to harm or

assault." *Id*. at 1125 (citations omitted). In saying, "[i]f I were to murder him, I'd

have a legitimate claim that I was merely acting in self-defense," Vaksman

threatened to kill Commissioner Adam Eisenberg. Vaksman urged U.S. Marshals

to take Commissioner Eisenberg "off the street into protective custody," so that

Vaksman would "NOT be compelled to take the law into [his] own hands."

Vaksman also stated that Commissioner Eisenberg "will merit every bullet that can

be fired into his criminal ass." Taken as a whole, a reasonable person would

interpret the March 20 e-mail as a serious expression of intent to harm. *See United*

2

*States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007) (explaining that the use of conditional language is not dispositive in the true threat analysis). Moreover, the recipients of the March 20 e-mail, including a U.S. Marshal and the victim, perceived the e-mail as a threat and acted accordingly. *See Bagdasarian*, 652 F.3d at 1119.

We reject Vaksman's argument that *Bagdasarian* requires reversal. In contrast to the statements in *Bagdasarian*, Vaksman's March 20 e-mail was neither a prediction, nor an imperative. *See id.* at 1119. Instead, Vaksman's statements indicated that he would kill the victim absent intervention or specific actions by Commissioner Eisenberg.

We also reject Vaksman's argument that the March 20 e-mail was not objectively a true threat because it contained no threat of imminent action. The government need only prove imminency where a speaker incites others to commit violence. *See Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *Black*, 538 U.S. at 359; *Bagdasarian*, 652 F.3d at 1115 n.9. Vaksman was not convicted because he incited *others* to commit violence, but rather because he threatened to commit violence against Commissioner Eisenberg.

Second, sufficient evidence supports the jury's finding that Vaksman "made the statements intending that they be taken as a threat." *Bagdasarian*, 652 F.3d at

3

1122; *see also United States v. Twine*, 853 F.2d 676, 680 (9th Cir. 1988) (holding that a conviction under § 875(c) requires specific intent to threaten). The jury's credibility determination in rejecting Vaksman's exculpatory testimony is entitled to deference. *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1070 (9th Cir. 2002) (en banc). Moreover, the facts in the record support the jury's finding that Vaksman intended to threaten Commissioner Eisenberg. These facts include: the text of the March 20 e-mail, Vaksman's past contacts with Commissioner Eisenberg, and Vaksman's disregard of previous warnings from law enforcement that his choice of language could be perceived as threatening.

Finally, Vaksman argues that his conviction should be overturned because the jury deliberated for less than two hours. Even if the length of the jury's deliberations were a relevant consideration, the facts of this case do not support overturning the jury verdict. The trial was one and a half days and consisted of only one count of a criminal threat in violation of 18 U.S.C. § 875(c). In light of the straightforward nature of the issues and the limited amount of evidence presented, the deliberations were not unreasonably short.

**AFFIRMED.**